*April,* 1887.

𝕾𝖚𝖕𝖗𝖊𝖒𝖊 𝕮𝖔𝖚𝖗𝖙,—𝕲𝖊𝖓𝖊𝖗𝖆𝖑 𝕿𝖊𝖗𝖒.—𝕱𝖎𝖗𝖘𝖙 𝕯𝖊𝖕𝖆𝖗𝖙𝖒𝖊𝖓𝖙.

*May,* 1887.

## PEOPLE ex vel. REAVEY v. WALSH.

CERTIORARI—FUNCTION OF—SENTENCE—DETENTION
PENDING APPEAL AND STAY.

The only office of the writ of *certiorari* obtained with a writ of *habeas corpus,* is in aid of the latter writ, and it issues only that the court may see from the record what is the alleged ground of the detention of a person seeking discharge. Per PATTERSON, J.

The writ of *certiorari* to review is abolished in criminal cases and the questions whether the indictment was found by a properly constituted grand jury, and whether the court of General Sessions had jurisdiction over the offense, it not appearing that the acts on which the indictment was based were committed in the county of New York, cannot be raised thereby. Per PATTERSON, J.

Where one has been detained, pending appeals taken by him from a judgment of conviction, upon which appeals he has obtained continuous stays of proceedings, he cannot claim his discharge upon the ground that he has satisfied the sentence though he has been detained the full period thereof, allowing for good behavior, etc. It must be held that he has not begun to serve his term under the judgment. Per PATTERSON, J., at Special Term.—VAN BRUNT, P. J., BRADY and DANIELS, JJ., at General Term.

Writ of *habeas corpus* and *certiorari,* and appeal from order discharging the same, and remanding the relator, Alexander H. Reavey to the custody of the warden City prison.

The facts appear in the opinion of the Court of Special Term, as follows:

*John D. Lindsay*, of counsel for the people.

*A. Suydam*, for the relator.

The following opinion was delivered by the Court of Special Term:

PATTERSON, J.—Relator was convicted in the Court of General Sessions of the Peace of a felony, viz., of larceny in the second degree. On the 6th day of January, 1885, he was sentenced to imprisonment in the Penitentiary of the City of New York for two years and six months. He now applies to have certain questions affecting the validity of the indictment considered upon a writ of *certiorari* and upon *habeas corpus* and to be discharged from confinement, alleging in his petition that he is unlawfully deprived of his liberty because the term of imprisonment, allowance and reduction for good behavior being made, has expired.

The returns to the writ of *habeas corpus* are made by the sheriff and by the warden of the city prison on whom the writ was served and in whose custody the relator now is. By such returns it appears that Reavey was convicted as above stated; that upon the judgment being pronounced the sheriff of the County of New York was furnished with a copy of the minutes, he being the officer whose duty it was to execute the said judgment; that thereafter the relator appealed from the judgment to the Supreme Court, and thereupon, and before he had been delivered into the custody of the keeper of the penitentiary in execution of the judgment, he applied for and obtained a certificate and order of a Justice of the Supreme Court staying the execution of the judgment pending the determination of the said appeal, which certificate and order were, on the 10th day of January, 1885, filed in the office of the Clerk of the Court of General Sessions with a notice of appeal. The return further set forth that the General Term of the Supreme Court in the First Judicial Department in the 1st day of February, 1886,

affirmed the judgment of the Court of General Sessions and the relator appealed from the judgment of affirmance to the Court of Appeals, and thereupon, and before the petitioner had been delivered into the custody of the keeper of the penitentiary in execution of the judgment so affirmed, he applied for and obtained a certain other certificate and order of the Justice of the Supreme Court staying the execution of the judgment pending the last mentioned appeal, which certificate and order were, on the 6th day of February, 1885, filed with the Clerk of the said Court of General Sessions, together with a notice of appeal; that the last mentioned appeal is now pending and undetermined; that the judgment of the General Sessions is in full force and unreversed; and that the warden of the city prison now has and at all times in the return mentioned has had the relator in his custody and detains him by virtue of the said judgment of the Court of General Sessions.

The traverse of the relator sets forth that he admits that a judgment was rendered against him as alleged in the returns, and that he appealed therefrom to the Supreme Court, and that a stay of proceedings on such judgment was granted pending the appeal, and that the said judgment was affirmed by the said Supreme Court, and that he appealed from the judgment of affirmance to the Court of Appeals, and that a stay of proceedings on said appeal was granted, and that no final judgment on such appeal has been granted or rendered; but he denies that in consequence of these stays of proceedings, the judgment of the Court of General Sessions has, since the same was rendered, remained wholly stayed and unexecuted, but he avers that, from the day the judgment was rendered he has been continually imprisoned and confined in the City prison of the City and County of New York; that during all that time his conduct and behavior has been such as to entitle him to a reduction or commutation of the term of imprisonment, and that allowance being made therefor, his term of imprisonment expired on the 21st day of January, 1887, wherefore he prays to be discharged.

On these facts the relator has drawn the attention of the court to several matters which require consideration. In the first place, he claims that the record of the proceedings in the Court of General Sessions is brought up under the writ of *certiorari*, and that he is entitled to raise now two questions, which may be stated in a few words, viz : Was the indictment found by a legally constituted grand jury, and, did the Court of General Sessions have jurisdiction over the offense, it not appearing that the acts for which the indictment was found were committed within the County of New York.

It is not necessary to pursue the subject through all the details of the relator's argument. It is sufficient to say that the only office of the writ of *certiorari* in cases of this kind is in aid of the writ of *habeas corpus*, and it issues in order that this court may see from the record what is the alleged ground of the detention of a person seeking discharge. The writ of *certiorari* to review in criminal cases has been abolished by section 515 of the Code of Criminal Procedure and the only way of reviewing is by appeal. The Code of Civil Procedure provides for writs of *habeas corpus* and *certiorari*, to enquire into the cause of detention of a person imprisoned or restrained of his liberty for any cause or pretence except where he is committed the by court or judge of the United States having jurisdiction, or where he is committed or detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction, or the final order of such a tribunal made in a special proceeding, or by virtue of an execution or other process issued upon such a judgment, decree or final order. The Code of Civil Procedure also provides for a writ of *certiorari* to review, which must go to the General Term ; but nothing can be considered at the Special Term, on a writ of *certiorari* such as that issued here, except the question of jurisdiction of the Court of General Sessions. The results from the provisions of sections 2041 and 2042 of the Code of Civil Procedure. All questions relating to the regularity of the indictment, to the

constitution of the grand jury, to the sufficiency of the alle-gations of the indictment as charging the offense of which the relator was convicted under the provisions of the Penal Code, were matters that should have been presented on motion to dismiss the indictment, or as matters of defense, or as grounds in arrest of judgment. They were peculiarly within the prov-ince of the Court of General Sessions to pass upon, and they cannot be brought here by *certiorari* upon the simple question of the jurisdiction of the Court of General Sessions to try a person accused of the crime of larceny in the second degree. There can be no doubt of the jurisdiction of that court in the case of the prisoner, and upon the particular charge contained in the indictment against him, and upon which he was tried and convicted.

The remaining topic of consideration comes up on the writ of *habeas corpus*, and relates to the alleged satisfaction of the sentence by the relator having been confined in the city prison since January, 1885. It is not necessary to say any-thing about the city prison being virtually a part of the Penitentiary under the provisions of the Consolidation Act. I assume, for the purposes of this proceeding, that it is so. The relator seeks his discharge on the ground that he has in fact served his sentence, allowance being made for good behavior, but it is perfectly clear from the return and from his admission in the traverse that he has never begun to serve his term under the judgment of the Court of General Sessions. All proceedings under it have been stayed. He has been in a place of detention, that is all, pending appeals taken by himself upon which he has obtained stays of pro-ceedings. Had he been bailed and in the hands of his bonds-men, he would have been any more free from the service of the term of his imprisonment than he is now. Because he did not give bail he has not physically been free from re-straint. It cannot be said therefore that he has served out his sentence. The question is, has the prisoner been confin-ed under the judgment of the court? And the answer must be in the negative, because he himself prevented the judg-

ment being executed by securing this court to order its suspension pending appeals which were to determine the validity in law of his conviction.   Meanwhile he has been in custody of the sheriff in the prison in which persons accused of crime are detained before trial.   He might have been released on bail pending the appeals, and it is not for him to say in the same breath, I have restrained the execution of the judgment and I have satisfied that judgment by fulfilling its terms.   He sought the interposition of the court to prevent that very thing which he now says has been accomplished.

I think these considerations suffice to dispose of the questions now raised without going into further discussion of the matter.   It may be said, however, that the judgment having been stayed, there is nothing upon which to base a commutation or reduction for good behavior, and that, at all events, the application is in that respect premature, unless the judgment is in operation notwithstanding the stay, which would lead to an absurdity.

The writs are discharged and the relator remanded to the custody o the warden of the city prison.

On appeal from the order dismissing above writ of *habeas corpus*, the following opinion was delivered:

*A. Suydam*, for appellant.

*Randolph B. Martine*, district attorney, and *McKenzie Semple* (assistant) for the people, respondent.

Per Curiam:—Without expressing any opinion as to whether the city prison is virtually a part of the penitentiary under the provision of the Consolidation Act, for the reasons stated in the opinion of the learned justice who heard the motion in the court below, namely, that the prisoner has never begun to serve his term under the judgment of the Court of General Sessions, all proceedings under such judgment having been stayed, and the prisoner having been only in a place of detention pending appeals taken by himself

upon which he has obtained stays of proceedings, the order appealed from should be affirmed.

VAN BRUNT, P. J., BRADY and DANIELS, sitting.

NOTE.—See *People ex rel Stokes* v. *Warden*, 66 N. Y. 342 ; *People* v. *Lincoln*, 25 Hun, 306 ; *Ex parte Duckett* 15 S. C. 210 ; *Sartain* v. *State*, 18 Tex App. 651 ; *People ex rel King* v. *McEwen*, 62 How. 226.